## NORTHUMBERLAND *v.* ATLANTIC AND SAINT LAWRENCE RAILROAD.

Since the adoption of the Revised Statutes, no way in this State is to be deemed a public highway unless it has been laid out agreeably to statute law, or has been used by the public for at least twenty years.

Under the act of July 1, 1853, no railroad is liable for not constructing a pass, for the accommodation of the public travel, under any way, unless such way has been laid out agreeably to statute law, or been used by the public for at least twenty years.

CASE, for not constructing an under pass for the accommodation of the travel on a public highway, in the town of Northumberland.

The defendants built their railroad through the town of Northumberland in the summer and fall of 1851, and at the place mentioned in the plaintiff's writ said company built an over-pass at a very moderate grade, and wide and well built, so as not to be objectionable except for the general circumstances that make an over-pass more objectionable than an under-pass, as a railroad crossing.

Up to about fifteen years ago the road, in passing up the Upper Ammonoosuc in Northumberland, towards Stark, was made and travelled on the hill land, above the river, and about that length of time ago a road was made nearer to the river, making an alteration of about two miles, and in places fifty or sixty rods nearer to the river than the old road. At the place where the new road passes the railroad, it is sixty rods from the old road, or about that distance.

The new road was built by the town of Northumberland, and has been repaired by said town, and has been travelled and used for about fifteen years at this present time, but it has not been used by the public for the term of twenty years.

There was no record nor proof that said new road was ever laid out, and no laying out was ever recorded. The old road was a public highway, which is now disused, as the new road has been substituted for it. The other facts set forth in the plaintiff's declaration were as set forth therein.

*Burns & Fletcher*, for the plaintiffs.

*Heywood*, for the defendants.

FOWLER, J. This action is founded on the act of July 1, 1853, entitled "An act relating to railroad crossings," by the first section of which it is provided, "That all railroad corporations, crossing any public highway in this State, shall construct and maintain, under such railroad, passes for the accommodation of the public travel, in all cases where an embankment or the track of their railroad is nine feet or more in height above the original public highway, as it was used at the time of locating such railroad;" and is brought to recover the penalty, alleged to have been incurred by the defendants, by reason of their having neglected, for the period of four months after notice in writing to that effect, to construct such under-pass, for the accommodation of the public travel upon a public highway in Northumberland, across which their railroad is alleged to be constructed.

In order to maintain the action it is, in the first place, essential for the plaintiffs to establish the fact of the existence of the alleged public highway at the point of intersection. If no such highway be shown to exist, no negligence can have happened and no penalty have been incurred.

The preliminary question, therefore, and the only one we have found it necessary to consider, is, whether, upon the facts stated,

the road described in the plaintiff's declaration is a public highway. The case finds it to have been made about fifteen years ago, and to have been since travelled by the public, but that it has not been used by the public for the term of twenty years; that there is no record or proof that it was ever laid out; that no laying out thereof was ever recorded, although it was built by the town of Northumberland and has been repaired by them. Under these circumstances can it be taken and deemed to be a public highway, within the meaning of the act of July 1, 1853, considered in connection with the seventh section of the 53d chapter of the Revised Statutes, prescribing what shall not be deemed a public highway in this State? The language of that section is clear and unequivocal: "No highway that has not been laid out agreeably to statute law, shall be deemed a public highway, unless the same has been used by the public for a term of time not less than twenty years."

The proper construction to be given to this section, came before the court in *Haywood* v. *Charlestown*, 34 N. H. 23; and it was there expressly held, that since its enactment no highway will be presumed to have been legally laid out unless it has been used by the public as a highway for at least twenty years; that where the road has been used for a less period, it is incumbent upon the party alleging the existence of a public highway, to show that the statute requirements have, in all essential particulars, been complied with in its establishment.

In that case, which was an action to recover damages for an injury alleged to have arisen from a defect in the road in controversy, the subject of laying the same out was first brought before the town at a legal meeting called for that purpose, and was, by vote of the town, referred to the selectmen. Thereupon the selectmen, without any petition asking therefor, proceeded and laid out the road, awarded damages to the land-owners, and made return of their doings to the town-clerk, by whom they were recorded. Subsequently the town paid the awards of damages to land-owners, constructed the road, refused, upon application and an article in the warrant for that purpose, to

discontinue it, and for seventeen years the road had been annually inserted in surveyors' warrants, and kept in repair by the highway taxes of the district within whose limits it was situated. Under these circumstances, the court held that the selectmen, being constituted a judicial tribunal for laying out town highways, could only act within the jurisdiction prescribed to them ; that an application in writing was essential, and must be shown, to give them jurisdiction to lay out a highway ; that, no such application being shown, the selectmen had no jurisdiction or authority to lay out the road in question ; that therefore the same had never been laid out agreeably to the requirements of statute law, and not having been used by the public for twenty years, it was not a public highway, and could not be presumed to be such within any reasonable construction of the statute, or without effectually nullifying its provisions.

The circumstances of the present case are by no means so strong in favor of presuming or inferring the legality of the alleged highway, as were those we have suggested as having existed in the former one ; as here there is an entire want of proof, not merely of the existence of a petition for the road, but of a compliance with a single one of the statute requirements for laying out a highway. We have, therefore, no hesitation in deciding that the road described in the plaintiff's declaration was not a public highway, it never having been laid out agreeably to statute law, nor having been used by the public for twenty years.

The application of the statute rule works no injustice in the present case. A public corporation avails itself of the provisions of the public laws of the State. If the town are subjected to costs, it is their own fault, as they were bound to know whether the road in question had been legally established or not. Had it been desirable to change the highway from its position on the hill to the ground now occupied, it would have been competent for the selectmen, on a proper application to them, to have laid out the present road as a public highway, and for the town by vote to have discontinued the old road. As neither was

done, it is not for the town to complain that they are mulcted in costs, as a consequence of this neglect of duty by themselves and their agents.

According to the provisions of the agreed case, there must be

*Judgment for the defendants.*